**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York

Case number (*if known*) _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding     12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known)

**1. Debtor's name**

National Bank of Anguilla (Private Banking & Trust) Ltd.

**2. Debtor's unique identifier**

For non-individual debtors:

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___

☑ Other N/A _____ . Describe identifier _____ .

For individual debtors:

☐ Social Security number:   xxx – xx– ___ ___ ___ ___

☐ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ___ ___ ___ ___

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

William Tacon

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Administration pursuant to Anguillian law (FSC Act, R.S.A. c. F28)

**5. Nature of the foreign proceeding**

*Check one:*

☑ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
order dated Feb. 22, 2016, order dated May 19, 2016
(both orders are notarized and bear the Courts stamp)

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor    National Bank of Anguilla (Private Banking & Tru    Case number (if known)_____
            Name

**8. Others entitled to notice**    Attach a list containing the names and addresses of:

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

| Country where the debtor has the center of its main interests: | Debtor's registered office: |
|---|---|
| Anguilla | C.Fleming Corp. Bldg.; St. Mary's Rd. |
| | Number      Street |
| | P.O. Box |
| | The Valley |
| | City          State/Province/Region    ZIP/Postal Code |
| | Anguilla        (Zip Code:  AI2640) |
| | Country |

| Individual debtor's habitual residence: | Address of foreign representative(s): |
|---|---|
| | Ritter House |
| Number      Street | Number      Street |
| | P.O. Box 3486 |
| P O Box | P.O. Box |
| | Wickhams Cay II |
| City       State/Province/Region    ZIP/Postal Code | City       State/Province/Region    ZIP/Postal Code |
| | Tortola, British Virgin Islands |
| Country | Country |

**10. Debtor's website** (URL)    http://nbaoffshore.ai/

**11. Type of debtor**

*Check one:*

☑ Non-individual (*check one*):

　　☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

　　☐ Partnership

　　☐ Other.  Specify: _____

☐ Individual

| Debtor | National Bank of Anguilla (Private Banking & Tru. | | Case number (if known) _____ |
| | Name | | |

**12. Why is venue proper in this district?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

✗ _____    William Tacon
Signature of foreign representative        Printed name

Executed on    05/26/2016
                MM  / DD / YYYY

✗ _____    _____
Signature of foreign representative        Printed name

Executed on    _____
                MM  / DD / YYYY

**14. Signature of attorney**

✗ _____    Date    5/26/16
Signature of Attorney for foreign representative            MM  / DD / YYYY

James C. McCarroll
Printed name

REED SMITH LLP
Firm name

599 Lexington Avenue
Number        Street

New York                                NY        10022
City                                    State      ZIP Code

(212) 549-0209                          jmccarroll@reedsmith.com
Contact phone                           Email address

JM2758                                  NY
Bar number                              State

**Chapter 15 Petition**

Item No. 6 -- Evidence of the Foreign Proceeding Required by Bankruptcy Code Section 1515(b)

Item No. 7 – Statement Pursuant to Bankruptcy Code section 1515(c) Regarding
One Foreign Proceeding

Item No. 8 -- Lists Pursuant to Bankruptcy Rule 1007(a)(4)

Verification of Chapter 15 Petition (incl. attachments)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| National Bank of Anguilla (Private Banking & Trust) Ltd., | Case No.: 15-_____ (___) |
| Debtor. | (Jointly Administered) |

### EVIDENCE OF THE FOREIGN PROCEEDING AND STATEMENTS AND LISTS REQUIRED BY SECTION 1515 OF THE BANKRUPTCY CODE AND RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

William Tacon, in his capacity as the administrator and putative foreign representative (the "Petitioner") of National Bank of Anguilla (Private Banking & Trust) Ltd. ("PBT"), makes the following statements required by section 1515(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**A.      Evidence of the Foreign Proceeding as Required by Section 1515(b) of the Bankruptcy Code**

1.      Upon the application of the Financial Services Commission in Anguilla, and by an Order dated February 22, 2016 (the "First Administration Order"), the Eastern Caribbean Supreme Court in the High Court of Justice Anguilla Circuit (the "High Court") placed the operations of PBT under administration pursuant to section 31(2)(b) of the Financial Services Commission Act, R.S.A. c. F28. *See* First Administration Order, a notarized, court-stamped copy of which is attached as Exhibit A, at ¶ 1.

2.      By the First Administration Order, the High Court appointed William Tacon of FTI Consulting as the Administrator of PBT (the "Administrator"). *See* First Administration

Order (Exhibit A) at ¶ 2. As Administrator of PBT, the Petitioner has complete control of the

management of PBT. *See* First Administration Order (Exhibit A) at ¶ 3.

3.      The High Court specifically authorized the Petitioner, as an officer of the High

Court, "to act in Anguilla or any foreign jurisdiction where he believes assets and property of the

Offshore Banks may be Situate . . . [to] commence [or] continue . . . without further Order of this

Honorable Court any proceeding or action . . . in a foreign jurisdiction for the purpose of

fulfilling his duties and obligations under this Order." *See* First Administration Order (Exhibit

A) at ¶ 8. The High Court further authorized the Petitioner to "to seek the assistance of any

Court of a foreign jurisdiction in the carrying out of the provisions of this Order . . ., including

without limitation, an order of examination of persons believed to be knowledgeable of the

affairs, assets and property of the Offshore Banks and to assist the Administrator in the recovery

of the assets and property of the Offshore Banks." *See* First Administration Order (Exhibit A) at

¶ 8.

4.      In addition, the High Court entered an Order dated May 29, 2016 (the "Second

Administration Order" and together with the First Administration Order, the "Administration

Orders"). A notarized, court-stamped copy of the Second Administration Order is attached as

Exhibit B. The Second Administration Order expressly conferred upon the Administrator the

powers of a Liquidator under the Companies Act, as permitted by section 31(3) of the Financial

Services Commission Act, R.S.A. c. F28 (the "FSC Act"). *See* Second Administration Order at

¶ 1.

5.      The Petitioner asserts that the Administration Orders satisfy the requirements of

one or more of subsections 1515(b)(1) ("a certified copy of the decision commencing such

foreign proceeding and appointing the foreign representative"), (b)(2) ("a certificate from the

foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative"), and (b)(3) ("any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative").

6.      The Administration Orders are in English and, therefore, do not need to be translated into English pursuant to section 1515(d) of the Bankruptcy Code.

**B.      Statement Regarding One Foreign Proceeding Pursuant to Section 1515(c) of the Bankruptcy Code**

7.      Pursuant to section 31(2)(b) of the FSC Act, there is a foreign administration proceeding pending in Anguilla concerning PBT (the "Anguillian Proceeding"). The Anguillian Proceeding is described in greater detail in the *Declaration of William Tacon in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief,* and (c) the *Declaration of Eustella Fontaine of Fontaine & Associates in Support of (i) Verified Petition for Recognition of Foreign Proceeding and (ii) Motion in Support of Verified Petition for Recognition of Foreign Proceeding and for Related Relief.*

8.      The Anguillian Proceeding is the only "foreign proceeding" regarding PBT.

**C.      List of All Authorized Administrators of PBT in the Anguillian Proceeding**

9.      Pursuant to Bankruptcy Rule 1007(a)(4)(B), the Petitioner states that he is the only person or body authorized to administer foreign proceedings of PBT. The Petitioner's name and address is as follows:

Mr. William Tacon, as Administrator
c/o William Tacon, Administrator
FTI Consulting (BVI) Limited
Ritter House
P.O. Box 3486
Wickhams Cay II
Tortola
British Virgin Islands
Email william.tacon@fticonsulting.com

**D.    Litigation Pending in the United States**

10.    Pursuant to Bankruptcy Rule 1007(a)(4)(B), the Petitioner states that PBT is not involved in any litigation in the United States.

**E.    Entities Against Whom Provisional Relief Is Sought**

11.    Pursuant to Bankruptcy Rule 1007(a)(4)(B), at this time, the Petitioner states that he is not seeking provisional relief under section 1519 of the Bankruptcy Code against any entity.  The Petitioner, however, reserves his right to seek any such provisional relief.

Dated:  May 26, 2016             Respectfully submitted:
New York, New York
                                 REED SMITH LLP

                    By:    /s/ James C. McCarroll
                           James C. McCarroll
                           Jordan W. Siev
                           Kurt F. Gwynne (pro hac vice)
                           599 Lexington Avenue
                           New York, NY  10022-7650
                           Telephone:  (212) 521-5400
                           Facsimile:  (212) 521-5450
                           Email: jmccarroll@reedsmith.com
                               jsiev@reedsmith.com
                               kgwynne@reedsmith.com

                           *Counsel for the Petitioner, William Tacon, in his
                           capacity as Administrator and Foreign
                           Representative*

# EXHIBIT A

REGISTRAR'S
OFFICE

FEB 22 2016

22/2/16

ANGUILLA 2.46 PM

IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ANGUILLA CIRCUIT
(CIVIL)
A.D. 2016

CLAIM NO. AXA/HCV 2016/0005

In the Matter of Protection Orders

AND

In the Matter of the Financial Services Commission Act, R.S.A. c. F28

AND

In the Matter of National Bank of Anguilla (Private Banking & Trust) Ltd

AND

In the Matter of Caribbean Commercial Investment Bank Ltd

BETWEEN:

FINANCIAL SERVICES COMMISSION

Applicant

AND

NATIONAL BANK OF ANGUILLA (PRIVATE BANKING & TRUST) LTD
CARIBBEAN COMMERCIAL INVESTMENT BANK LTD

Respondents

ORDER

For the appointments of an Administrator to the Respondents



EUSTELLA P. FONTAINE
NOTARY PUBLIC
THE VALLEY, ANGUILLA B.W.I
CERTIFIED TRUE COPY

NOTARY PUBLIC
COMMISSION DOES NOT EXPIRE

**IN OPEN COURT BEFORE:**   Her Ladyship the Honourable Madame Justice Cheryl Mathurin

**MADE ON:** 22nd day of February 2016

**ENTERED ON:** 22 nd day of February 2016

**APPEARANCES:** Ms. Eustella Fontaine and Ms. Keisha Hiles of Fontaine & Associates for the Applicant;

**UPON READING** the Notice Application and Fixed Date Claim Form filed on behalf of the Applicant on the 21st day of January, 2016 and the Affidavit in Support filed on the 21st day of January, 2016 and Supplemental Affidavit of the Applicant filed on 27th day of January 2016;

**AND UPON** the Respondents and the Eastern Caribbean Central Bank having been served in this matter with the Fixed Date Claim Form, Notice of Application and Affidavits in Support;

**AND UPON** the determination of the Fixed Date Claim Form which requested the same relief as the Notice of Application;

**IT IS HEREBY ORDERED as follows:**

1.    National Bank of Anguilla (Private Banking & Trust) Ltd and Caribbean Commercial Investment Bank Ltd operations in Anguilla ("the Offshore Banks") are herewith placed under administration pursuant to section 31(2)(b) of the Financial Services Commission Act, R.S.A. c. F28 ("FSC Act").

2.    Mr. William Tacon of FTI Consulting, Road Town, Tortola, British Virgin Islands is hereby appointed as Administrator of the Offshore Banks (hereinafter "the Administrator").

3.    The Offshore Banks shall forthwith vest exclusively in the control of the Administrator and the Administrator shall have complete control of the management of the Offshore Banks pursuant to section 31(2)(b) of the FSC Act.

4.    The Administrator shall conduct the management of the Offshore Banks with the greatest economy compatible with efficiency, including the right to subcontract the management of the day to day operations of the Offshore Banks to the Conservator appointed by the Eastern Caribbean Central Bank ("ECCB"), should the Administrator consider that to be expedient .

5.    The Administrator shall provide an interim report or reports to this Honourable Court and the Applicant on the operations of each Bank within twenty eight (28) days hereof detailing the following i) a review of the current financial position and financial performance of the Offshore Banks, with reference to the Offshore Banks' available financial returns, management accounts and the ECCB's stated position, ii) consideration of appropriate accounting treatments, other than those proposed by the ECCB, for the Offshore Banks' financial relationship with their parent companies, iii) a determination of the impact on the Offshore Banks and their depositors of the current rescue plan proposed by the ECCB, iv) considering the solvency and viability of the Offshore Banks with reference to i) to iii), and the extent the Offshore Banks' assets are or were held by their parent companies and further as soon as possible after his appointment and in any event within sixty (60) days thereof the Administrator shall file with the Court, pursuant to section 31(4) of the FSC Act, a Report stating which of the following courses is, in the circumstances, in his opinion most advantageous to the general interests of the customers, clients, depositors and creditors, of each Offshore Bank as he considers appropriate, including:

a.  the transfer or sale of the businesses of the Offshore Banks to some other company in pursuance of a scheme or other arrangement to be prepared as the Court or any law may provide;

b.  the continuation of their businesses by the Offshore Banks; or

c.  the winding up of the Offshore Banks or of any part of the business of the Offshore Banks.

6.    The Administrator shall, in accordance with section 31(4) of the FSC Act furnish copies of the said Reports to the Applicant upon filing the same with the Court.

7.    For the purposes of preparing the above-stated Report, the Administrator shall conduct an assessment of the operations of each Offshore Bank to determine the following:

a.  The extent of the Offshore Banks' liabilities;

b.  The current financial performance of the Offshore Banks and their ability to meet their obligations as they fall due;

c.  The identity, value and location of all of the Offshore Banks' assets, including any claims they may have against third parties;

d. Whether there is a need to trace and recover assets that belong or ought to belong to the Offshore Bank including assets located in or outside of Anguilla;

e. Whether it is possible for the Offshore Banks' business to continue as a going concern.

8.    The Administrator shall have the authority as an officer of this Honourable Court to act in Anguilla or any foreign jurisdiction where he believes assets and property of the Offshore Banks may be situate and shall have the right to in his own name and/or in the name of the Offshore Banks, as appropriate, commence, continue, discontinue or defend without further Order of this Honorable Court any proceeding or action locally or in a foreign jurisdiction for the purpose of fulfilling his duties and obligations under this Order, the FSC Act and the Trust Companies and Offshore Banking Act, R.S.A. c. T60 and to seek the assistance of any Court of a foreign jurisdiction in the carrying out of the provisions of this Order or any subsequent order in this proceeding, including without limitation, an order of examination of persons believed to be knowledgeable of the affairs, assets and property of the Offshore Banks and to assist the Administrator in the recovery of the assets and property of the Offshore Banks.

9.    The Administrator shall incur no personal liability in respect of actions arising from his appointment as Administrator of the Offshore Banks.

10.    The Administrator, his employees, legal Counsel, agents, and such other persons retained by him in the performance of his duties hereunder shall be granted indemnity from the assets of the Offshore Banks for his fees, expenses and actions taken, including indemnity for any litigation or other claims, actions or demands whatsoever in respect of any debts, costs, claims, liabilities, acts, matters, or things done or due to be done or omitted by the Administrator, his employees, legal counsel, agents, and such other persons retained by him except where there is a finding by the Court of gross negligence in the performance of his and or of their respective duties.

11.    The Administrator shall be entitled to draw his fees and disbursements from the Offshore Banks' assets. The Administrator is entitled to draw his disbursements as they are incurred and shall be entitled to draw 75% of the remuneration incurred on a monthly basis.    The Administrator's fees, costs and expenses, and the

costs of any third party professionals engaged by the Administrator, shall be an expense of each Offshore Bank and shall at all times be subject to approval by this Honourable Court.

12.    All actions and the execution of all writs, summonses and other processes against the Offshore Banks are hereby stayed upon the application herein for administration and shall not be proceeded with, without the prior leave of the Court herein.

13.    The Administrator in discharging his obligations shall be empowered to perform all functions of management including but not limited to the following powers:

a)    to exercise the powers of a licensee pursuant to section 31(3) of the FSC Act;

b)    to ascertain the assets of  the Offshore Banks and their location and take all steps necessary including Court actions where appropriate to obtain possession of such assets, including, without prejudice to the generality of the foregoing, receivables, and to bring the same under his control and further, where appropriate, bring the same into the jurisdiction of this Honourable Court and, for this purpose, to seek the assistance of the Courts of the various jurisdictions in which assets of the Offshore Banks are located;

c)    to sell, charge or otherwise dispose of the assets of the Offshore Banks;

d)    to borrow money, whether on the security of the assets of the Offshore Banks, or otherwise;

e)    to incur and pay for all reasonable expenses and disbursements in connection with the running, administration and management of the Offshore Banks' records and affairs and offices;

f)    if appropriate, in the discretion of the Administrator, to retain or employ such further professionals or other individuals, partnerships, associations or companies, to assist in running the affairs and business of the Offshore Banks and for the purposes of ascertaining and quantifying the assets, records and liabilities of the Offshore Banks, such employment being either in this jurisdiction or in any other jurisdiction of the world where the Offshore Banks have conducted business or entered into contracts with third parties;

g)     to render invoices for his own remuneration at the usual and customary hourly rates more particularly stated in the Schedule attached hereto;

h)     to take all actions necessary to see, review, secure, take possession of any books, papers, writings, documents and records relating to the Offshore Banks that are located in the offices of its auditors or any other person both in this jurisdiction and in any other jurisdiction and to bring the same under his control and further, where appropriate, bring the same into the jurisdiction of this Honourable Court and, for this purpose, to seek the assistance of the Courts of the various jurisdictions in which assets of Offshore Banks are located;

i)     to take all actions necessary to see, review, secure, take possession of the claims and financial records of the Offshore Banks that are located in the offices of Offshore Banks or any company affiliated with Offshore Banks, with the Conservator appointed by the Eastern Caribbean Central Bank or any other person and to bring the same under his control and further, where appropriate, bring the same into the jurisdiction of this Honourable Court and, for this purpose, to seek the assistance of the Courts of the various jurisdictions in which assets of Offshore Banks are located;

j)     to open, operate and maintain bank accounts in the name of the Administrator or the Offshore Banks as may be necessary;

k)     to do all such things as may be necessary or expedient for the protection of the Offshore Banks' property or assets;

l)     to discharge rent, salaries of any employees of the Offshore Banks and other current expenses of the Offshore Banks;

m)     to grant or accept surrender of a lease or tenancy of any of the property of the Offshore Banks and in the case of freehold or leasehold property to sell such assets as the Administrator considers expedient;

n)     to terminate, complete or perfect any contracts, including the employment of employees, or transactions relating to the business of the Offshore Banks;

o)     to effect and maintain insurance in connection with the management and maintenance of the business, property and assets of the Offshore Banks;

p)   to do all acts and to execute in the name and on behalf of the Offshore Banks all deeds receipts or other documents;

q)   to use the Offshore Banks' seals;

r)   to do all such things reasonably and properly incidental to the management of the Offshore Banks and to the exercise of the foregoing powers.

14.   The Administrator may in his own name and/or in the name of the Offshore Banks commence, continue, discontinue or defend without further Order of this Honourable Court any action or other legal proceedings which relate to the said property belonging to the Offshore Banks and which it is necessary to bring or defend for the purpose of effectually discharging his role as Administrator.

15.   The Administrator shall have the power to cause the Offshore Banks to rank and claim in the bankruptcy, liquidation, insolvency, sequestration or any other process of any person indebted to the Offshore Banks and to receive dividends.

16.   The Administrator pursuant to section 31(5) of the FSC Act in carrying out his duties and responsibilities may apply for directions from this Honourable Court from time to time, including any application as may be required for the amendment of this Order.

17.   The Administrator shall perform such other duties and carry out such other directives as the Court may from time to time order.

18.   The costs of this application are to be paid out of the assets of the Respondents in priority to all other liabilities.

19.   The Applicant shall serve this Order on the Respondents and the ECCB as soon as practicable but not later than seven (7) days from the date hereof.

20.   The Respondents or anyone served with or notified of this order may apply to the Court at any time to vary or discharge this order (or so much of it as affects that person), upon giving notice to the Applicant's attorneys of the intention to apply to the Court; and must as soon as is practicable, in advance of the hearing supply the Applicant's attorneys with copies of any evidence upon which it intends to rely, or with a written statement of the substance of that evidence.

21.    Anyone required to be notified of this Order will be given a copy of it by the Applicant's attorneys.

BY THE COURT



**R E G I S T R A R**

### PENAL NOTICE

If you THE RESPONDENTS disobey this order you may be held to be in contempt of court and may be imprisoned, fined or have your assets seized.

Any other person who knows of this order and does anything which helps or permits the Respondents or any of them to breach the terms of this order may also be held to be in contempt of Court and may be imprisoned, fined or have their assets seized.

### INTERPRETATION OF THIS ORDER

A Respondent who is an individual who is ordered not to do something must not do so by himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

A Respondent which is not an individual which is ordered not to do something must not do so by its directors, officers, partners, employees or agents or in any other way.

Except as provided below, the terms of this order do not affect or concern anyone outside the jurisdiction of this Court.

However the terms of this order will affect the following persons in a country or state outside the jurisdiction of this Court:-
 - the Respondents or their agents appointed by power of attorney;
 - any person who:-
    (i)    is subject to the jurisdiction of this Court;
    (ii)   has been given written notice of this order at his residence or place of business within the jurisdiction of this Court; and
    (iii)  is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this order;

**EUSTELLA P. FONTAINE**
**NOTARY PUBLIC**
**THE VALLEY, ANGUILLA B.W.I**

CERTIFIED TRUE COPY

**NOTARY PUBLIC**
**COMMISSION DOES NOT EXPIRE**

- any other person, only to the extent that this Order is declared
  enforceable by or is enforced by a Court in that country or state.

All communications to the Court about this order should be sent to the
Court Registry quoting the case number.  The telephone number is 264-
497-2377. The offices are open between 8:30 a.m. to 12:00 p.m. and 1:00
p.m. to 3:30 p.m. Monday to Friday.

The Applicant's address for service is: **Fontaine & Associates of Hansa
Bank Building, The Valley, Anguilla on behalf of the Applicant's;
telephone:    +1-264-497-1404;    fax:    +-1-264-497-1044;    e-mail:**
**fontainelaw@fontainelawfirm.com**



## Schedule

| Role | Rate per hour US$ |
|---|---|
| | |
| Administrator | 475 |
| Director | 370 |
| Senior Manger | 325 |
| Manager | 290 |
| Assistant Manager | 220 |
| Case Administrator | 110 |



# EXHIBIT B

REGISTRAR'S
OFFICE
MAY 19 2016 /5 116
4:19 pm

ANGUILLA

### IN THE EASTERN CARIBBEAN SUPREME COURT
### IN THE HIGH COURT OF JUSTICE
### ANGUILLA CIRCUIT
### (CIVIL)
### A.D. 2016

**CLAIM NO. AXA/HCV 2016/0005**

In the Matter of Protection Orders

AND

In the Matter of the Financial Services Commission Act, R.S.A. c. F28

AND

In the Matter of National Bank of Anguilla (Private Banking & Trust) Ltd

AND

In the Matter of Caribbean Commercial Investment Bank Ltd

**BETWEEN:**

### FINANCIAL SERVICES COMMISSION

**Applicant**

**AND**

### NATIONAL BANK OF ANGUILLA (PRIVATE BANKING & TRUST) LTD
### CARIBBEAN COMMERCIAL INVESTMENT BANK LTD

**Respondents**

### ORDER

**IN CHAMBERS BEFORE:** Her Ladyship the Honourable Madame Justice Cheryl Mathurin

**MADE ON:** 5th day of May 2016

**ENTERED ON**:  19th day of May 2016

**APPEARANCES:** Ms. Eustella Fontaine and Ms. Keisha Hiles of Fontaine & Associates for the Applicant and Administrator;

**UPON READING** the Joint Notice of Application and the Affidavits in Support of the Applicant and the Administrator filed on the 25th day of April, 2016

**AND UPON** the National Bank of Anguilla Limited and Caribbean Commercial Bank (Anguilla) Limited having been served in this matter with Notice of Application and Affidavits in Support and Mr. Gerald Halischuk being present for the Applicant and the Administrator being excused from attending in person;

**IT IS HEREBY ORDERED as follows:**

1.  The powers of the Administrator pursuant to the Order of 22nd February 2016 herein are varied to include the powers of a Liquidator under the Companies Act as provided for in section 31(3) of the Financial Services Commission Act. The Administrator's powers of Liquidator under section 222 of the Companies Act are as follows:

    a.  retain attorneys-at-law, accountants, engineers, appraisers and other professional advisers;
    b.  bring, defend or take part in any civil, criminal or administrative action or proceeding in the name and on behalf of the company;
    c.  carry on the business of the company as required for an orderly liquidation;
    d.  sell by public auction or private sale any property of the company;
    e.  do all acts and execute any documents in the name and on behalf of the company;
    f.  borrow money on the security of the property of the company;
    g.  settle or compromise any claims by or against the company;
    h.  make financial provision in respect of the custody of the documents and records of the company after its dissolution; and
    i.  do all other things necessary for the liquidation of the company and the distribution of its property.
    j.  apply to the Court for an order requiring a person to appear before the Court at the time and place designated in the order, and to be examined.

2.  That the continued fees of the Administrator and his agents are to be paid out by the Administrator on a monthly basis out of the assets of the Respondents.

3.  The Administrator Report on his progress to this Honourable Court within 90 days of the Order herein.

4.  The Administrator shall perform such other duties and carry out such other directives as the Court may from time to time Order.

5.  Liberty to apply.

6.  Costs to be borne by the 1st Respondent and 2nd Respondent.

**BY THE COURT**

**R E G I S T R A R**

EUSTELLA P. FONTAINE
NOTARY PUBLIC
THE VALLEY, ANGUILLA B.W.I

CERTIFIED TRUE COPY

NOTARY PUBLIC
COMMISSION DOES NOT EXPIRE





IN THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
ANGUILLA CIRCUIT
(CIVIL)
A.D. 2016

CLAIM NO. AXA/HCV 2016/0005

In the Matter of Protection Orders

AND

In the Matter of the Financial
Services Commission Act, R.S.A.
c. F28

AND

In the Matter of National Bank of
Anguilla (Private Banking & Trust)
Ltd

AND

In the Matter of Caribbean
Commercial Investment Bank Ltd

BETWEEN:

FINANCIAL SERVICES COMMISSION

Applicant

AND

NATIONAL BANK OF ANGUILLA (PRIVATE BANKING & TRUST) LTD
CARIBBEAN COMMERCIAL INVESTMENT BANK LTD

Respondents

## O R D E R

Filed by Fontaine & Associates
Solicitors for the Applicant and Administrator

**Chapter 15 Petition**

Item No. 11 – Corporate Ownership Statement

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 15 |
| National Bank of Anguilla (Private Banking & Trust) Ltd., | Case No.:  15-_____(____) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT AS REQUIRED
## BY FEDERAL RULES OF BANKRUPTCY PROCEDURE
## 1007(A)(4) AND 7007.1 AND LOCAL BANKRUPTCY RULE 1007-3

One of the following entities owns, directly or indirectly, 10% or more of the equity

interests in National Bank of Anguilla (Private Banking & Trust) Ltd. ("PBT"):

| ENTITY NAME | PERCENTAGE OWNERSHIP |
|---|---|
| National Bank of Anguilla Ltd. ("NBA") | 100% |

The NBA is the sole shareholder of PBT.  On April 22, 2016, Eastern Caribbean Central

Bank appointed a receiver for the NBA pursuant to section 137 of the Banking Act, No. 6 of

2015.

To the extent, if any, that the NBA is considered a "governmental unit" (as defined in

11 U.S.C. § 101(27)), then PBT would have nothing to report under Federal Rule of Bankruptcy

Procedure 7007.1(a).

Dated: May 26, 2016
New York, New York

Respectfully submitted:

REED SMITH LLP

By:    /s/ James C. McCarroll
       James C. McCarroll
       Jordan W. Siev
       Kurt F. Gwynne (pro hac vice)
       599 Lexington Avenue
       New York, NY  10022-7650
       Telephone:  (212) 521-5400
       Facsimile:  (212) 521-5450
       Email: jmccarroll@reedsmith.com
              jsiev@reedsmith.com
              kgwynne@reedsmith.com

       *Counsel for the Petitioner, William Tacon, in his
       capacity as Administrator and Foreign
       Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| National Bank of Anguilla (Private Banking & Trust) Ltd., | Case No.: 15-_____(____) |
| Debtor. | (Jointly Administered) |

<u>**VERIFICATION OF CHAPTER 15 PETITION**</u>

I, William Tacon, verify as follows:

1.    I am the court-appointed administrator (the "<u>Administrator</u>") of the National

Bank of Anguilla (Private Banking & Trust) Ltd. ("<u>PBT</u>").

2.    In my capacity as Administrator, I filed a voluntary *Chapter 15 Petition for*

*Recognition of Foreign Proceeding*, including the following attachments thereto (together,

the "<u>Chapter 15 Petition</u>"):

- *Corporate Ownership Statement as Required by Federal Rules of Bankruptcy Procedure 1007(a)(4) and 7007.1 and Local Bankruptcy Rule 1007-3;* and

- *Evidence of the Foreign Proceeding and Statements and Lists Required by Section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.*

3.    The factual statements set forth in the Chapter 15 Petition are true and correct.

I verify under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on: May 26, 2016              By: _____
                                                    William Tacon, as Administrator of
                                                    National Bank of Anguilla (Private
                                                    Banking& Trust) Ltd.